IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS SHELLEY,

                                        ORDER
                    Plaintiff,
                                        09-cv-69-bbc
         v.

RANDALL HEPP,
TAMMY MAASSEN
and DR. REYNOLDS, BRET,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Thomas Shelley, a prisoner at the Jackson Correctional Institution in Black River Falls, Wisconsin, is proceeding in this civil action under 42 U.S.C. § 1983 on his claim that defendants Bret Reynolds, Randall Hepp and Tammy Maassen denied him adequate medical care under the Eighth Amendment.  In an August 13, 2009 order, I denied plaintiff's motion for a preliminary injunction in which he sought to be re-prescribed his medications that were discontinued by defendant Reynolds.  Now plaintiff has filed a motion under Fed. R. Civ. P. 59 for reconsideration of the August 13 order.

The purpose of a motion to amend judgment "is to bring the court's attention to newly discovered evidence or to a manifest error of law or fact."  Neal v. Newspaper

1

Holdings, Inc., 349 F .3d 363, 368 (7th Cir. 2003).  The motion must do more than merely reargue the merits of the case.  Id. (holding that the district court committed no abuse of discretion in denying motions to reconsider in which "the plaintiffs simply took the opportunity to reargue the merits of their cases").  The only argument plaintiff raises in his motion for reconsideration is one that I considered and rejected previously.  Plaintiff argues that defendant Reynolds was deliberately indifferent to his serious medical needs by making the diagnosis of Antisocial Personality Disorder and discontinuing medications previously prescribed to him by several other doctors.  However, as I explained in the August 13, 2009 order, "mere differences of opinion among medical personnel regarding a patient's appropriate treatment do not give rise to deliberate indifference," Estate of Cole by Pardue v. Fromm, 94 F.3d 254, 261 (7th Cir. 1996), and nothing in the current record suggests that Reynolds's treatment decisions were a "substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment."  Id. at 261-62.  Because plaintiff fails to raise any newly discovered evidence or manifest error of law or fact, I will deny his motion for reconsideration.

2

ORDER

IT IS ORDERED that plaintiff Thomas Shelley's motion for reconsideration, dkt.

#34, is DENIED.

Entered this 27th day of October, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

3